UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM AND AVE BORTZ,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; SHAWNA BROWN; ARCHIE ALVARADO; JOEL PETRIASHVIL-REYES; MICHELLE MARTINEZ; ARNIE SINGSON; BRIAN CRUZ; and DOES 1–50, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 21-CV-618 TWR (JLB)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 5) |

　　　Presently before the Court is the Motion to Dismiss Complaint ("Mot.," ECF No. 5) filed by Defendants JPMorgan Chase Bank, N.A. ("Chase"), Shauna Brown (erroneously named as Shawna Brown), Archie Alvarado, Joel Petriashvili-Reyes (erroneously named as Joel Petriashvil-Reyes), Michele Martinez (erroneously named as Michelle Martinez), Arnie Singson and Brian Cruz, as well as Plaintiffs William and Ave Bortz's Opposition to ("Opp'n," ECF No. 6) and Defendants' Reply in Support of ("Reply," ECF No. 7) the Motion.  Pursuant to the Honorable Cynthia A. Bashant's Standing Order for Civil Cases, the Parties declined oral argument unless ordered by the Court, and the undersigned concludes that the Motion is suitable for determination on the papers without oral argument

pursuant to Civil Local Rule 7.1(d)(1). Having carefully reviewed Plaintiffs' Complaint ("Compl.," ECF No. 1-2), the Parties' arguments, and the law, the Court **GRANTS** Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint.

## BACKGROUND[1]

At the time of the transactions that are the subject of their Complaint, Plaintiffs William and Ave Bortz were 76 and 77 years old, respectively. (*See* Compl. ¶¶ 1–2, 17, 32–33, 39, 51, 54.) Plaintiffs have been banking with Defendant Chase since approximately 1971. (*See id.* ¶¶ 19, 49.) During those 49 years, Plaintiffs had never wired money to a foreign country. (*See id.* ¶¶ 20–21, 33, 39, 51, 54.)

On January 20, 2021, scammers took over Plaintiffs' bank accounts and directed Mr. Bortz to go to a Chase branch located at 7176 Avenida Encinas, Carlsbad, California 92011 (the "Encinas branch"), (*see id.* ¶ 22), which is managed by Defendant Brown. At the scammers' instruction, Mr. Bortz kept them on the phone at the bank and was "groomed" how to answer questions related to his wire transfer, including whether he knew the recipients. (*See id.*) As instructed by Mr. Bortz, Defendant Alvarado wired $198,000 to a Standard Chartered Bank (Hong Kong) Limited ("SCHK") account belonging to "eshamuddin." (*See id.*; *see also id.* ¶ 39.)

At the scammers' behest, Mr. Bortz made three additional wire transfers. First, on January 22, 2021, Mr. Bortz returned to the Encinas branch as directed by the scammers, who advised him that the first transfer had not gone through. (*See id.* ¶ 23.) At Mr. Bortz's request, Defendant Petriashvil-Reyes wired another $197,850 to a SCHK account belonging to "Boloy Analizo Jono." (*See id.*; *see also id.* ¶ 39.) Second, on January 26, 2021, the scammers sent Mr. Bortz to another Chase branch located in Poway (the "Poway branch"), again insisting that the wire transfer had not gone through. (*See id.* ¶ 24.) As directed by Mr. Bortz, Defendant Martinez wired $197,500 to a SCHK account belonging

---

[1] For purposes of Defendants' Motion, the facts alleged in Plaintiffs' Complaint are accepted as true. *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

to "Tunit Rustiyawali." (*See id.*; *see also id.* ¶ 39.) Finally, on January 28, 2021, the scammers instructed Mr. Bortz to return to the Poway branch, where Defendant Singson wired $97,500 to a SCHK account belonging to "eshamuddin" as requested by Mr. Bortz. (*See id.* ¶ 25; *see also id.* ¶ 39.) Plaintiffs' four transfers totaled $690,500. (*See id.* at 1, ¶¶ 16, 41; *see also* Prayer ¶ 1.)

On January 28, 2021, Plaintiffs' daughter, also named Ave Williams, learned of the wire transfers and drove her parents to the nearest Chase branch, located at 16861 Bernardo Center Drive, San Diego, California 92128 (the "Rancho Bernardo branch"). (*See id.* ¶ 26.) Defendant Cruz, who is the Vice-President and Branch Manager of the Rancho Bernardo branch, informed the Williamses that "the only thing Chase Bank could do was contact the wires department in New York but that he could not do that until the next day when they opened." (*See id.*) Defendant Cruz took no further action to reverse the pending wire transfers, (*see id.*), and Defendant Chase failed to report the fraudulent wire transfers to its fraud department between January 28 and February 2, 2021. (*See id.* ¶¶ 26–30.) Plaintiffs' daughter attempted to contact Defendant Chase's fraud department on February 2, 2021, and was told that the issue would be sent to the dispute department. (*See id.* ¶ 30.)

On March 4, 2021, Plaintiffs initiated this action in the Superior Court for the State of California, County of San Diego, alleging two causes of action against all Defendants for (1) financial elder abuse pursuant to California Welfare and Institutions Code § 15610.30, and (2) negligence. (*See generally* ECF No. 1-2.) Defendants removed to this Court on April 9, 2021, on the grounds that this Court has original jurisdiction pursuant to the Edge Act, 12 U.S.C. § 632.[2] (*See generally* ECF No. 1.) The instant Motion followed

/ / /

---

[2] Judge Bashant ordered Defendants to show cause why this action should not be remanded for lack of subject-matter jurisdiction on August 10, 2021. (*See generally* ECF No. 9.) Having reviewed Defendants' response, (*see generally* ECF No. 10), the Court is satisfied that Plaintiffs' claims "arise[] out of transactions involving international or foreign banking … or out of other international or foreign financial operations," (*see id.* at 1 (quoting 12 U.S.C. § 632)), such that this Court has original jurisdiction under the Edge Act.

on April 26, 2021, (*see generally* ECF No. 5), and this action was transferred to the undersigned on September 30, 2021. (*See generally* ECF No. 11.)

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

1  "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity
2  the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124
3  (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). "Rule 9(b) demands that the circumstances
4  constituting the alleged fraud be specific enough to give defendants notice of the particular
5  misconduct . . . so that they can defend against the charge and not just deny that they have
6  done anything wrong." *Id.* (alteration in original) (internal quotation mark omitted)
7  (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of
8  fraud must be accompanied by the who, what, when, where, and how of the misconduct
9  charged." *Id.* (internal quotation marks omitted) (quoting *Vess v. Ciba-Geigy Corp. USA*,
10 317 F.3d 1097, 1106 (9th Cir. 2003)).

11 "If a complaint is dismissed for failure to state a claim, leave to amend should be
12 granted 'unless the court determines that the allegation of other facts consistent with the
13 challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight*
14 *Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well*
15 *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in
16 denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton*
17 *Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

Through the instant Motion, Defendants seek dismissal without leave to amend of both Plaintiffs' causes of action for financial elder abuse and negligence. (*See, e.g.*, ECF No. 5-1 ("Mem.") at 2, 10, 16, 17.)

### I.   First Cause of Action: Financial Elder Abuse

"'Financial abuse' of an elder or dependent adult occurs when a person or entity . . . [a]ssists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." *See* Cal. Welf. & Inst. Code § 15610.30(a)(2). In their first cause of action, Plaintiffs allege that Defendants "are liable for the financial abuse of [Plaintiffs] because, not only should they have known they were assisting others' financial elder abuse, but their knowledge of

facts makes it clear that they must have known they were assisting others' financial elder abuse." (*See* Compl. ¶ 48; *see also generally id*. ¶¶ 36–46.)

Under California law, liability may be imposed for "assist[ing]" in financial elder abuse under an aiding and abetting standard. *See Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 744–45 (2010). This requires the plaintiff to plead that the defendant "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." *See id.* at 744 (quoting *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005)). Consequently, "when, as here, a bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' the financial abuse only if it knew of the third party's wrongful conduct." *See id.* at 745;[3] *see also Paskenta Band of Nomlaki Indians v. Umpqua Bank*, 846 F. App'x 589, 590 (9th Cir. 2021) ("[A]ctual knowledge is required to establish an aiding and abetting claim." (first citing *Das*, 186 Cal. App. 4th at 745; then citing *Chavez v. United States*, 683 F.3d 1102, 1108–10 (9th Cir. 2012)). "An allegation of aiding and abetting fraud requires pleading with particularity under [Federal Rule of Civil Procedure] 9." *Mackintosh v. JPMorgan Chase Bank*, No. 18-CV-03348-SK, 2018 WL 3913791, at *3 (N.D. Cal. July 13, 2018) (citing *S.E.C. v. Berry*, 580 F. Supp. 2d 911, 924 (N.D. Cal. 2008)).

Defendants argue that dismissal of Plaintiffs' first cause of action is required because Plaintiffs fail to allege that Defendants had actual knowledge of the fraud or that Defendants substantially assisted the scammers. (*See* Mem. at 4–10.) Plaintiffs counter that the following facts alleged in their Complaint support an inference of Defendants'

---

[3] Plaintiffs argue that the California Court of Appeal in *Das* interpreted a prior version of Section 15610.30, rendering its interpretation of Section 15610.30(a)(2) inapplicable. (*See* Opp'n at 7–10.) But as Defendants note, (*see* Reply at 1–7), the amendments not addressed by *Das* related to financial elder abuse liability under Section 15610.30(a)(1), which requires the "[t]ak[ing], secret[ing], appropriat[ion], obt[ention], or ret[ention of] real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." *Das* therefore remains good law as to liability under Section 15610.30(a)(2), and was even recently followed by the Ninth Circuit in an unpublished memorandum disposition. *See Paskenta Band of Nomlaki Indians*, 846 F. App'x at 590.

actual knowledge of the underlying fraud: (1) the Department of the Treasury ("DOT") published an advisory for financial institutions in February 2011, which "described the potential signs of elder financial exploitation," including changes in banking patterns and "[u]ncharacteristic attempts to wire large sums of money"; (2) "the highly unusual activity in Plaintiff's account must have raised huge red flags, all of which fell within the warning signs of financial elder abuse" under the February 2011 advisory; and (3) the wire transfers exceeded DOT's $10,000 threshold for filing a Currency Transaction Report, which would have required Chase's management to scrutinize Plaintiffs, the transaction amount, and the recipient(s).  (*See* Opp'n at 10–12 (citing Compl. ¶¶ 15, 17, 20, 22–25, 32–34).) Defendants respond that "'red flags' are insufficient to establish that a defendant had <u>actual knowledge</u> of fraudulent conduct."  (*See* Reply at 7–8 (emphasis in original) (first citing *Casey*, 127 Cal. App. 4th at 1147–49; then citing *S&S Worldwide, Inc. v. Wells Fargo Bank*, No. 20-cv-01926, 2020 WL 7714534, at *7 (N.D. Cal. Dec. 29, 2020); and then citing *Mackintosh v. JPMorgan Chase Bank*, No. 18-cv-03348, 2018 WL 3913791, at *3 (N.D. Cal. July 13, 2018)).)

Although this case is undoubtedly a tragedy, the Court must agree that Plaintiffs fail sufficiently to plead that Defendants had actual knowledge of the scam such that they may be held liable for aiding and abetting financial elder abuse under Section 15610.30(a)(2). "[A]iding and abetting requires participation in a specific primary wrong 'with knowledge of the object to be attained.'"  *Casey*, 127 Cal. App. 4th at 1152 (quoting *Lomita Land & Water Co. v. Robinson*, 154 Cal. 36, 47 (1908)).  Here, by contrast, Plaintiffs "essentially allege[] the banks knew *something* fishy was going on," *see id.* at 1149 (emphasis in original), which does not suffice to establish actual knowledge.  *See id.* at 1151–53 ("[B]anks' alleged knowledge of . . . suspicious account activities . . . [,] *without more*, does not give rise to tort liability for the banks." (emphasis in original)); *see also S&S Worldwide, Inc. v. Wells Fargo Bank*, 509 F. Supp. 3d 1154, 1165 (N.D. Cal. 2020) ("[B]y alleging a [bank] branch manager 'determined [the] [a]ccount and [the alleged fraudster] were involved with and/or participating in an illegitimate and fraudulent scheme' . . . , [the

1  plaintiff] essentially alleges [the bank] knew '*something* fishy was going on with the
2  account[';] however, [the plaintiff] has not alleged the requisite 'actual knowledge of the
3  specific [wrongdoing] for which it seeks to hold [the bank] liable." (emphasis and third,
4  fourth, and tenth alterations in original) (quoting *Casey*, 127 Cal. App. 4th at 1149, 1152)).
5  Further, "[t]he elder abuse act does not impose a duty to investigate even if an entity is a
6  mandated reporter, much less when it is not." *Sterling Sav. Bank v. Poulsen*, No. C-12-
7  01454 EDL, 2013 WL 3945989, at *17 (N.D. Cal. July 29, 2013) (citing Cal. Wel. & Inst.
8  Code § 15630.1(e)).

    *Mackintosh v. JPMorgan Chase Bank*, No. 18-cv-03348-SK, 2018 WL 3913791 (N.D. Cal. July 13, 2018), is instructive.  In that case, three scammers convinced the 82-year-old plaintiff to withdraw over $1,000,000 in cash from his bank accounts over an eight-month period to pay "taxes" and "fees" on purported lottery winnings of millions of dollars.  *See id.* at *1.  Most of the more than thirty withdrawals, ranging from $1,000 to over $100,000, were from one Chase branch and from the same branch teller. *See id.*  After eight months, a Chase representative asked the plaintiff why he was withdrawing the funds and warned him that he may have been a victim of fraud. *See id.*  The plaintiffs sued Chase for negligence and aiding and abetting fraud, and Chase moved for dismissal. *See id.*  The district court in *Mackintosh* dismissed the aiding and abetting claim on the grounds that the plaintiff had failed to allege actual knowledge, instead "only alleg[ing] facts to show constructive knowledge: that he and his wife 'almost never withdrew cash from the bank, other than a few hundred dollars on occasion' and yet, over an eight-month period, [the plaintiff] made over thirty cash withdrawals in sums ranging from $1,000 to over $100,000." *See id.* at *3.

    As in *Mackintosh*, Plaintiffs here allege that Defendants had constructive knowledge of—*i.e.*, they should have known about—the underlying fraud based on their unusual account activity. (*See, e.g.*, Compl. ¶¶ 39–40.)  That alone, however, fails sufficiently to allege the requisite actual knowledge. *See Mackintosh*, 2018 WL 3913791, at *3; *see also S&S Worldwide*, 509 F. Supp. 3d at 1165; *Casey*, 127 Cal. App. 4th at 1151–53.  The Court

8

therefore **GRANTS** Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first cause of action for aiding and abetting financial elder abuse.[4]

## II.   Second Cause of Action: Negligence

Plaintiffs' second cause of action alleges that Defendants were negligent when they made the four wire transfers requested by Mr. Bortz totaling $690,500 over the course of one week. (*See generally* Compl. ¶¶ 47–55.) Defendants contend that dismissal of this cause of action is merited on several grounds. (*See generally* Mem. at 11–15.) Plaintiffs, however, do not oppose dismissal of their second cause of action; rather, they request leave to amend to allege a new cause of action for breach of contract. (*See* Opp'n at 14–15.) Defendants respond that Plaintiffs' failure to oppose dismissal of their second cause of action merits dismissal with prejudice pursuant to Civil Local Rule 7.1(f)(3)(c), that their request for leave to amend is procedurally improper under Civil Local Rule 15.1(b), and that the proposed amendment is futile. (*See* Reply at 9–10.)

None of Defendants' arguments merit denial of Plaintiffs' request for leave to amend. First, Plaintiffs' concession to the dismissal of their negligence cause of action does not mean that any other claim must be foreclosed. Second, the Federal Rules of Civil Procedure direct the Court to "freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), and "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original) (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)). "Although [Plaintiffs'] rather informal mechanism for requesting leave to amend (*i.e.*, tucking the request into [their] response to [Defendants'] motion to

---

[4] Because the Court concludes that Plaintiffs fail adequately to allege Defendants' actual knowledge, the Court declines to address Defendants' additional argument that Plaintiffs fail to allege that Defendants "substantially assisted" the scammers. (*See* Mem. at 10; Reply at 8–9.) Further, although Defendants request dismissal of Plaintiffs' first cause of action for financial elder abuse without leave to amend, (*see id.*), it is not yet clear to the Court that "the allegation of other facts . . . could not possibly cure the deficiency.'" *See DeSoto*, 957 F.2d at 658. The Court therefore concludes that dismissal with prejudice is not warranted.

dismiss) is not a preferred practice, it is not necessarily improper under Ninth Circuit law." *Olivas v. Arizona*, No. CV-19-02698-PHX-DWL, 2020 WL 6290486, at *1 (D. Ariz. Oct. 27, 2020) (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 700–01 (9th Cir. 1988) (as amended), *overruled on other grounds by Bell Atl.*, 550 U.S. at 562–63). Indeed, it may constitute reversible error for the Court to dismiss Plaintiffs' Complaint with prejudice as Defendants advocate here. *See Balistreri*, 901 F.2d at 700–02 (concluding that the district court had abused its discretion by dismissing claim with prejudice despite the plaintiff's request for leave to amend contained in her opposition brief). Ultimately, "even assuming that [Plaintiffs'] approach violated the Local Rules, the Court will exercise its discretion to overlook [their] non-compliance." *See Olivas*, 2020 WL 6290486, at *2 (citing *Prof'l Programs Grp. v. Dep't of Comm.*, 29 F.3d 1349, 1353 (9th Cir. 1994)). Third and finally, "denial [of leave to amend] on . . . ground[s of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

The Court therefore concludes that the proper course of action is "to construe [Plaintiffs'] informal request as a motion for leave to amend, grant it, and then allow [Defendants] to move to dismiss the new claim [Plaintiffs] includes in the next iteration of [their] complaint." *See Olivas*, 2020 WL 6290486, at *2. Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' second cause of action.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion (ECF No. 5) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint. Plaintiffs **MAY FILE** an amended complaint curing the deficiencies outlined in this Order within fourteen (14) days of the electronic docketing of this Order. *Should Plaintiffs elect not to file a timely*

*amended complaint, this action will be dismissed without prejudice without further Order of the Court.*

**IT IS SO ORDERED.**

Dated:  October 15, 2021

_____
Honorable Todd W. Robinson
United States District Court